### EXPENSES OF AN INDEPENDENT MILITARY COMPANY.

[Circuit Court of Cuyahoga County.]

PETER WITT, ON BEHALF OF CLEVELAND, V. J. P. MADIGAN, DIRECTOR OF ACCOUNTS.

Decided, June 16, 1902.

*Independent Military Companies—Organized under Section 3056—A Part of the State Militia—State not Relieved from Armory Expenses—And Payment of Janitors by a Municipality is Unauthorized.*

Janitors in charge of an armory, used by an independent military company, organized under Section 3056, and thus a part of the active militia of the state, must look to the state for payment for their services, and a municipal ordinance providing for their payment is invalid.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

Appeal by defendants.

This case involves Section 3056, Subd. 1, 2, 3, 4, 5 and 6, Revised Statutes, and is brought to enjoin the city of Cleveland from paying janitors for the care of armories occupied and used by certain military companies, which janitors are employed by and under the control of the company employing.

The main question in the case is, are the Cleveland City Guards a part of the militia of the state? If they are, then all expense connected with such guards must be paid by the state. On the other hand, if the Cleveland City Guards are not a part of the militia of the state, but an organization purely local, then it is claimed that the law is constitutional and can be enforced.

And if this latter view is correct the petition should be dismissed, otherwise the injunction should be made perpetual.

This section purports to give the citizens of Cleveland authority to organize, arm and equip an independent infantry company consisting of not less than fifty nor more than one hundred active members, to be known as the Cleveland City Guards, and requires the members to sign an agreement to be subject to all calls of the mayor, or of the governor of the state, in case of insurrection or riot or when there is reasonable apprehension thereof, which written agreement shall be deposited with the mayor of such city.

Subdivision 1, Section 3056, Revised Statutes, gives the governor substantially the same control and authority over these companies that the law does over the militia of the state.

Subdivision 2 provides for contributing members, and the amount, or minimum of the amount, that each contributing member must pay. This same provision exists in regard to the militia of the state under the general provision.

Subdivision 3 provides how the members are to be governed, and the general provision is, that "The active and contributing members of such company shall be entitled to all the privileges and exemptions allowed members of the Ohio National Guard." And then provides the same penalties for refusing to respond to a call of the mayor or governor, as is provided in case of such refusal on the part of the National Guard; and provides the minimum number of men that shall be at all times in the company. It then provides that the company shall have no pay from the state for camp duty, transportation, "or for any other purpose." This "or for any other purpose" should be, under a well known rule of construction, confined to "for like expenses" to that of camp duty and transportation, and can not be construed to apply to allowance for expenses when called out by the governor of the state.

Subdivision 4 provides for calling them out in case of riot or disturbance, by either the mayor or the governor, and, when so called, they shall be subject to the orders of such mayor or governor.

Subdivision 5 provides for existing independent companies organized and bringing themselves under this act.

Subdivision 5a provides for the city paying for janitors for the care of the armory occupied by, and used by, such companies for military purposes; the janitor to be employed by. and to be under the control of the company.

It is our judgment that these companies, formed under the above provisions of law, are so far a part of the Ohio National Guard, and are to such an extent active militia under the laws of the state that provision for their expenses, such as are involved in this case, are to be borne by the state, and not by the county or the city.

There are the same provisions in regard to organization, in regard to the duties to be performed, as to whose orders they shall be subject, as to contributing members, as to privileges, penalties and records, as to the number of members composing the companies, as in regard to the Ohio National Guard.

There are a number of cases cited on the hearing in this case, that these companies, being a part of the National Guard, must be maintained in any degree by taxation, by tax levied on *all* the property of the state, and a statute authorizing a local tax for such purpose, or providing for their pay, or expenses pertaining to their organization, out of the treasury of the state, without any provision for repayment from the state of such expense, is unconstitutional. The case of *Hubbard* v. *Fitzsimmons,* 57 Ohio St., 436, 447, 449; *State* v. *Kreighbaum,* 9 C. C., 619, and various other cases cited. Also *Presser* v. *Illinois,* 116 U. S., 252.

It is unnecessary in this connection to discuss the question of when the militia of a state passes from under the control of the state to that of the national government, as it would lead to no definite conclusion of the real questions involved in this action. The general rule, as established by the authorities, is well stated in the last case above referred to, and it is evident that these companies under consideration, if not private companies of the state, are a part of the militia of the state; and, having found that they are a part of the militia of the state, it follows from the various decisions in this state, that the expense of maintaining them and providing quarters for them and caring for those

quarters is a part of the state expense that must be raised by a state tax.

Our conclusion is that the ordinance in question is unauthorized and invalid, and the injunction against the payment of the expenses of the janitors under the ordinance is made perpetual.

*Samuel Doerfler,* for plaintiff.

*Beacom, Baker, Payer, Gage & Carey,* for defendants.